1
2
3
4
5
6
7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  HEIGHT STREET SKILLED CARE, LLC, | Case No.: 1:21-cv-01247-JLT-BAK (BAM) |
| 12                          Plaintiff, | ORDER GRANTING DEFENDANT YOUNG & ASSOCIATES, INC.'S MOTION TO |
| 13           v. | DISMISS (Doc. 9) |
| LIBERTY MUTUAL INSURANCE | |
| 14  COMPANY, a Massachusetts corporation; YOUNG & ASSOCIATES, INC., a | ORDER GRANTING LEAVE TO AMEND |
| 15  California corporation; and DOES 1 to 20, inclusive, | |
| 16 | |
| 17                          Defendants. | |

18

19          Height Street Skilled Care, LLC alleges Young & Associates, Inc. engaged in unlawful, unfair,

20  and/or fraudulent business practices in violation of Business & Professions Code § 17200, *et seq.*

21  (Doc. 1.) Young seeks dismissal of Height Street's claim against it pursuant to Rule 12(b)(6) of the

22  Federal Rules of Civil Procedure. (Doc. 9.) Height Street opposes the motion, asserting its complaint

23  is adequately pled. (*See* Doc. 11.) The Court finds the matter suitable for decision without oral

24  argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below,

25  Young's motion to dismiss Height Street's third cause of action as to Young is **GRANTED**, with

26  leave to amend.

**I.      Background and Allegations**

27          Height Street is a nursing home and skilled care operator located in Bakersfield, California.

28  (Doc. 1 at 16.) Height Street alleges that it purchased a commercial property insurance policy

1  underwritten by Liberty Mutual and covering the period of June 7, 2016, through June 7, 2017. (*Id*.)

2  Height Street asserts that on or about September 17, 2016, one of its buildings suffered severe damage

3  due to a major fire. (*Id*.) Height Street alleges it "promptly tendered the claim to Liberty Mutual and

4  coverage was accepted." (*Id*.)

5      Height Street asserts Liberty Mutual retained Jerry Kessloff of Young & Associates, Inc.[1] to

6  "assist it with adjustment of the Claim, to interface with the insured, and to conduct inspections of the

7  Property and to make recommendations regarding the existence and extent of coverage, among other

8  things." (Doc. 1 at 16.) Height Street alleges Liberty Mutual and Kessloff conducted an initial

9  inspection of the damage and recommended Height Street "retain local contractor STOP Bakersfield

10  to perform the repairs." (*Id*.) Height Street asserts it retained STOP, whose work was "seriously

11  deficient." (*Id*. at 17-18.) Accordingly, Height Street asserts a claim for violation of Business &

12  Professions Code § 17200, *et seq*. against Young[2] "by virtue of its handling of [Height Street's]

13  insurance claim" and by "suggesting and recommending that [Height Street] utilize STOP Bakersfield

14  as its repair contractor…without providing the disclosures required by the California Fair Claims

15  Settlement Practices Act." (*Id*. at 25.)

16      On September 13, 2021, Young filed a motion to dismiss pursuant to Rule 12(b)(6) of the

17  Federal Rules of Civil Procedure. (Doc. 9.) Height Street filed an opposition on October 5, 2021.

18  (Doc. 11.) On October 12, 2021, Young filed a reply. (Doc. 12.)[3]

19  **II.     Legal Standard**

20      A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729,

---

[1] Young asserts it was erroneously sued as Young & Associates, Inc., a California corporation. (*See* Doc. 9.) Liberty Mutual Insurance Company's notice of removal (Doc. 1), which Young joined in and consented to (Doc. 6), states that at the time of the filing of Height Street's complaint, Young's correct name was R.L. Young, Inc., dba Young & Associates, a Nevada corporation. (Doc. 1 at 3-4.) The notice of removal further states that as of July 29, 2021, and as of the date of removal, Young converted to R.L. Young, LLC, a Delaware limited liability company. (*Id*. at 4.) The Court considers Young to be a Nevada corporation, as it was at the time of the filing of Height Street's complaint. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) ("It is well settled…that federal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed."). As a result, "subsequent changes in the citizenship of an existing party do not affect the determination of jurisdiction." *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir 1992). Accordingly, the Court declines to consider Young's argument that Height Street intentionally named Young as a California corporation for purposes of destroying diversity (*See* Doc. 9-1 at 5, Doc. 12 at 7-8).

[2] Height Street also brings claims against Liberty Mutual for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

[3] As the Parties were informed on August 17, 2021, the Eastern District of California has been in a state of judicial emergency while this motion was pending resolution. (*See* Doc. 5-3.)

732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993); *see also Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III.    Discussion and Analysis

Young seeks dismissal of the claim against it arising under California's Unfair Competition Law. (Doc. 9-1.) Under the Unfair Competition Law, unfair competition includes any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Therefore, there are

three prongs under which a claim may be established under § 17200. *Daro v. Superior Ct.,* 151 Cal. App. 4th 1079, 1093 (2007) ("Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria—unlawful, unfair, *or* fraudulent—to be considered unfair competition.") (emphasis in original).

### A.    Unlawful practices

Height Street seeks to hold Young liable for "unlawful practices" under § 17200.[4] The business acts proscribed under the "unlawful" prong of § 17200 include "anything that can properly be called a business practice and that at the same time is forbidden by law." *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992) (quoting *Barquis v. Merchants Collection Assoc.*, 7 Cal. 3d 94, 113 (1972)). In essence, the UCL "borrows violations of other laws and treats them as unlawful practices independently actionable under Section 17200." *Saunders v. Superior Ct.*, 27 Cal. App. 4th 832, 839 (1994) (internal quotation marks, citation omitted).

"To state a claim under the unlawful prong of the UCL, a plaintiff must plead: (1) a predicate violation, and (2) an accompanying economic injury caused by the violation." *Aerojet Rocketdyne, Inc. v. Global Aero., Inc.*, 2020 WL 3893395, at *6 (E.D. Cal. July 10, 2020) (citation omitted); *see also Berryman v. Merit Property Management, Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) ("a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong"). Predicate violations include "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders*, 27 Cal. App. 4th at 838-39.

Importantly, a plaintiff must allege facts to support any alleged predicate violations of state or federal law. *See Berryman*, 152 Cal. App. 4th at 1554. For example, if a plaintiff alleges facts sufficient to support claims of violations of a federal or state statute, such as the Fair Labor Standards Act or the California Labor Code, the statutes are proper predicate violations under the UCL. *See, e.g.,*

---

[4] Height Street alleges that Young and Liberty Mutual "engaged in unlawful, unfair and/or fraudulent business acts or practices by virtue of its handling of [Height Street's] insurance claim as outlined in the preceding paragraphs" and Young and Liberty Mutual "further engaged in unlawful, unfair and/or fraudulent business acts" for failing to provide the required written disclosures. (Doc. 1 at 25.) Because only three of the twenty-four "preceding paragraphs" pertain to Young, and the only alleged wrongdoing by Young is its failure to disclose pursuant to § 2695.9(c), the Court will construe Height Street's cause of action under § 17200 against Young as being solely based on an alleged violation of 10 C.C.R. § 2695.9(c) under the "unlawful" prong. (*See id.* at 17-21.)

1  *Duarte v. Mzr Inc.*, 2010 WL 11586755, at *7 (N.D. Cal. July 8, 2010) (finding where the plaintiff

2  "allege[d] several violations of federal and state labor statutes, including the Fair Labor Standards Act

3  and California Labor Code …, [the statutory claims] may serve as predicate violations under the

4  'unlawful' prong of the UCL"). Conversely, if a plaintiff fails to state a claim under the "borrowed"

5  law, it cannot support the UCL claim. *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 992 (S.D.

6  Cal. 2012) (a claim under the UCL "must be dismissed if the plaintiff has not stated a claim for the

7  predicate acts upon which he bases the claim"); *see also Yellowcake, Inc. v. Morena Music, Inc.*, 522

8  F. Supp. 3d 747, 772 (E.D. Cal. 2021) ("When the underlying legal claim that supports a UCL cause

9  fails, however, 'so too will the [the] derivative UCL claim.'") (quoting *AMN Healthcare, Inc. v. Aya

10  Healthcare Services, Inc.*, 28 Cal. App. 5th 923, 950 (2018)).

11                 1.     Predicate violation

12        Height Street bases its claim upon Young's alleged violation of California's Fair Claims

13  Settlement Practices Regulations, § 2695.9(c).[5] This section, titled "Additional Standards Applicable

14  to First Party Residential and Commercial Property Insurance Policies," provides in relevant part:

15       (c) No *insurer* shall suggest or recommend that the insured have the property repaired
     by a specific individual or entity unless:

16            (1) the referral is expressly requested by the claimant; or
          (2) the claimant has been informed in writing of the right to select a repair

17       individual or entity and, if claimant accepts the suggestion or recommendation, the
     insurer shall cause the damaged property to be restored to no less than its condition

18       prior to the loss and repaired in a manner which meets accepted trade standards for
     good and workmanlike construction at no additional cost to the claimant other than as

19       stated in the policy or as otherwise allowed by these regulations.

20  10 C.C.R. § 2695.9(c) (emphasis added).

21                *a.*     *Young is a proper defendant*

22        Section 2695.2 of California's Fair Claims Settlement Practices Regulations defines "insurer"

23  as:

24       [A] person licensed to issue or that issues an insurance policy or surety bond in this
     state, or that otherwise transacts the business of insurance in the state, including

25       reciprocal and interinsurance exchanges, fraternal benefit societies, stock and mutual
     insurance companies, risk retention groups, California county mutual fire insurance

26       companies, grants and annuities societies, entities holding certificates of exemption,

27

28  _____

[5] Height Street's complaint states that Young failed to provide "disclosures required by the California Fair Claims
Settlement Practices Act." (Doc. 1 at 25.) Height Street clarifies in its opposition that the alleged violation was pursuant to
10 C.C.R. § 2695.9(c). (*See* Doc. 11 at 10.)

non-profit hospital service plans, multiple employer welfare arrangements holding certificates of compliance pursuant to Article 4.7 of the California Insurance Code, and motor clubs, to the extent that they transact the business of insurance in the State. The term "insurer" for purposes of these regulations includes non-admitted insurers, the California FAIR Plan, the California Earthquake Authority, those persons licensed to issue or that issue an insurance policy pursuant to an assignment by the California Automobile Assigned Risk Plan, home protection companies as defined under California Insurance Code Section 12740, and *any other entity subject to California Insurance Code Section 790.03(h)*. The term "insurer" shall not include insurance agents and brokers, surplus line brokers and special lines surplus line brokers.

10 C.C.R. § 2695.2(i). Cal. Ins. Code § 790, *et seq*., also known as the Unfair Insurance Practices Act ("UIPA") applies to:

[R]eciprocal and interinsurance exchanges, Lloyds insurers, fraternal benefit societies, fraternal fire insurers, grants and annuities societies, insurers holding certificates of exemptions, motor clubs, nonprofit hospital associations, life agents, broker-agents, surplus line brokers and special lines surplus line brokers as well as *all other persons engaged in the business of insurance.*

Cal. Ins. Code § 790.01 (emphasis added).

Height Street asserts Liberty Mutual retained Jerry Kessloff of Young to "assist it with adjustment of the Claim, to interface with the insured, and to conduct inspections of the Property and to make recommendations regarding the existence and extent of coverage, among other things." (Doc. 1 at 16.) Height Street further alleges Kessloff conducted an initial inspection of the damage and "developed a scope of work and estimated cost of repair" for the project. (*Id*. at 17.) In its opposition to the instant motion, Height Street asserts Kessloff was retained "to act as a de facto adjuster" and adds "develop cost estimates" to the list of duties Kessloff was hired to perform. (Doc. 11 at 4-5.) As such, Height Street asserts Young is "engaged in the business of insurance" and is subject to both the Fair Claims Settlement Practices Regulations and the Insurance Code. (*Id*. at 10.)

Young contends it was retained by Liberty Mutual "to provide repair estimating services in connection with the fire loss and building damage done to the Property" and that Young assigned the estimating job to one of its independent consultants, Jerry Kessloff. (Doc. 9-1 at 7.) Young asserts it is "not in the business of insurance or adjusting and was not hired in either of these capacities; it simply 'developed a scope of work and estimated cost of repair.'" (*Id*., quoting Doc. 1 at 17.) Young argues: "Even taking all of Height Street's allegations as true, Height Street merely alleges that its insurer, Liberty Mutual, allegedly hired a consultant that was an independent consultant at [Young] and that

6

1  [Young] '[made] recommendations regarding the existence and extent of coverage, among other

2  things.'" (Doc. 12 at 4.) Accordingly, Young asserts Height Street fails to allege sufficient facts to

3  demonstrate Young is in the business of insurance or acts as an insurer. (*Id.* at 1-2.)

4      Although what the Legislature intended to constitute "engaged in the business of insurance"

5  under Cal. Ins. Code § 790.01 is not entirely clear, California courts have held that independent claims

6  adjusters were engaged in the business of insurance for purposes of section 790.03(h). *See, e.g.,*

7  *Bodenhamer v. Superior Ct.*, 178 Cal. App. 3d 180 (1986)); *Davis v. Cont'l Ins. Co.*, 178 Cal. App. 3d

8  836, 840-41 (1986) (affirming lower court's holding that independent insurance adjusters retained to

9  investigate and settle claims are engaged in the business of insurance). The *Davis* court explained:

10     From the perspective of the policyholders who have faithfully paid their premiums,
       the most essential part of the business of insurance is the prompt and forthright
11     investigation and payment of their claims. It is common knowledge, that a substantial
       portion of the insurance claims which are annually investigated and negotiated
12     through to settlement in California are handled by independent insurance adjusters,
       many of whom are representing foreign insurers. To absolve adjusters from liability
13     for engaging in conduct prohibited by the Unfair Practices Act is to deny the
       protection of that Act to the persons it was designed to benefit.

14

15  *Id.*, 178 Cal. App. 3d at 841 (internal citations omitted).

16     Neither party asserts that Young or its consultant investigated or settled Height Street's claim.

17  Height Street alleges only that Young's consultant was hired by Liberty Mutual to "assist it with

18  adjustment" and was hired as "de factor adjuster." Height Street makes no factual allegations that

19  Young, or its consultant, engaged in any activity related to Height Street's claim other than inspecting

20  the property, estimating its damage, and recommending a contractor to perform the repairs.

21  Nonetheless, the Court recognizes that adjusters are "engaged in the business of insurance" under

22  California law and Height Street asserts that Young was hired to assist with the adjustment of the claim.

23  (Doc. 1 at 16.) Accepting these allegations as true, Height Street has alleged sufficient facts to state a

24  plausible claim to relief as to Young's status as a proper defendant. *Iqbal*, 556 U.S. at 678.

25              *b.    Height Street's underlying claim is barred*

26     Because the Legislature only contemplated enforcement of the UIPA by the Insurance

27  Commissioner, private actions under the UIPA are barred. *See Zhang v. Superior Ct.*, 57 Cal. 4th 364,

28  384 (2013) ("[A] litigant may not rely on the proscriptions of section 790.03 as the basis for a UCL

claim."); *see also Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 304 (1988) (holding that section 790.03 was not intended "to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)"). Additionally, this Court extended the proscription to include the regulations set forth in 10 C.C.R. § 2695.1, *et seq. See Aerojet*, 2020 WL 3893395, at *7. The Court explained:

> [T]he regulations set forth in 10 C.C.R. section 2695.1 cannot be used as a predicate offense for an UCL claim of unlawfulness because those regulations are promulgated under the auspices of Insurance Code section 790.03(h); thus, the regulations create no private right of action under the UCL given its linkage with section 790.03, which itself creates no private right of action.

*Id*. However, "when insurers engage in conduct that violates both the UIPA and obligations imposed by other statutes or the common law, a UCL action may lie." *Zhang*, 57 Cal. 4th at 384. For example, in *Zhang*, the court held causes of action for false advertising and insurance bad faith "provide[d] grounds for a UCL claim independent from the UIPA." *Id*. at 369.

Height Street's sole claim against Young is a UCL action based upon an alleged violation of 10 C.C.R. § 2695.9(c), which is barred. *See Aerojet*, 2020 WL 3893395, at *7. Height Street alleges no claims against Young based upon conduct that violates another statute or sounding in common law. To the extent this claim is not solely premised on a violation of § 2695.9(c) and instead is based on alleged conduct that Young engaged in otherwise unfair, unlawful, or fraudulent business practices, the claim fails because it does not allege sufficient facts "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Beyond the barred § 2695.9(c) claim, Height Street provides no factual support for its conclusory allegation that Young engaged in unfair, unlawful, or fraudulent business practices, which is insufficient to "support a cognizable legal theory." *Mendiondo*, 521 F.3d at 1104. Thus, Height Street has not alleged a predicate violation, which is required to state a claim under the unlawful prong of the UCL. *Aerojet*, 2020 WL 3893395, at *6.

### 2.   Economic injury

Young argues that Height Street makes no allegations in its complaint that it suffered economic injury as a result of Young's alleged unlawful business practices. (*See* Doc. 9-1 at 12.)

As noted, to state a claim under the unlawful prong of the UCL, a plaintiff must plead, in addition to a predicate violation, an accompanying economic injury caused by the violation. *Aerojet*,

2020 WL 3893395, at *6. While restitution is a proper remedy under the UCL, *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1135 (9th Cir. 2014) (citing Cal. Bus. & Prof. Code § 17203), the Court agrees that Height Street failed to allege that it suffered an economic injury as a result of Young's misconduct. As to its third cause of action, Height Street's complaint alleges only that it "suffered economic loss as a result of *Liberty Mutual's* unlawful, unfair and/or fraudulent business acts and/or practices, including but not limited to the loss of policy benefits, the Brandt damages sustained in this lawsuit, and premiums paid by Height Street for the Policy." (Doc. 1 at 26 (emphasis added).) Thus, because Height Street has not alleged a predicate violation or an economic injury as required to state a claim under the unlawful prong of the UCL, the claim must be dismissed. *Aerojet*, 2020 WL 3893395, at *6.

**B.    Restitution**

Height Street's sole prayer for relief as to Young is restitution. (Doc. 1 at 27.) Young argues that Height Street cannot be awarded restitution under the UCL because it has not alleged that Young is in receipt of any funds to which Height Street has an interest, as required for entitlement to restitution. (*See* Doc. 9-1 at 6, 12.) Height Street contends that it is entitled to restitution even though Young did not receive money directly from Height Street. (*See* Doc. 11 at 11.)[6]

1.    Entitlement to restitution

"In [a UCL case], an order for restitution is one compelling the defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003); *see also In re First All. Mortg. Co.*, 471 F.3d 977, 996 (9th Cir. 2006) ("In the context of the UCL, restitution is meant to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest, and is so limited.") (internal quotation marks omitted). "To maintain a cause of action under

---

[6] Contrary to Height Street's assertion (Doc. 11 at 11), Young does not appear to argue that Height Street cannot state a claim for restitution under the UCL because Height Street did not pay money directly to Young. (*See* Docs. 9-1, 12.) Thus, the Court will not address this argument. The Court also declines to consider Height Street's assertions related to its entitlement to restitution as set forth in its opposition. (Doc. 11 at 11-12.) *See Cervantes*, 5 F.3d at 1274; *Schneider*, 151 F.3d at 1197 n.1.

UCL, a plaintiff must once have had an ownership interest in the money or property acquired by the *defendant* through unlawful means." *VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 2010 WL 1611398, at *3 (E.D. Cal. Apr. 20, 2010) (internal quotation marks omitted) (emphasis in original). In other words, "[t]he offending party must have obtained something to which it was not entitled *and* the victim must have given up something which he or she was entitled to keep." *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 340 (1998) (emphasis in original). This includes money or property the defendant obtained directly, *Korea Supply,* 29 Cal. 4th at 1146-47, or indirectly. *Shersher v. Superior Ct.*, 154 Cal. App. 4th 1491, 1499 (2007).

Height Street's complaint is lacking any factual allegations that would demonstrate its entitlement to restitution. Height Street alleges neither that Young wrongfully took money or property that it was not entitled to keep, nor that it gave up money or property that it was entitled to keep. Furthermore, Height Street failed to state a plausible claim for relief based on Young's unlawful business practices, as discussed above, which is also required. *See Zhang*, 57 Cal. 4th at 371 ("Restitution under [Business and Professions Code] section 17203 is confined to restoration of any interest in 'money or property, real or personal, which may have been acquired *by means of such unfair competition*.'") (emphasis added). Thus, Height Street failed to adequately state a claim for restitution.

### 2. Adequate remedy at law

Young asserts that Height Street "has an adequate remedy at law as evidenced by its claims for compensatory damages against [Liberty Mutual]" and thus, Height Street's claim is barred as a matter of law. (*See* Doc. 9-1 at 6, 12.) Height Street argues that "assessing whether a plaintiff has an adequate remedy at law with respect to a UCL claim is improper at the pleading stage." (Doc. 11 at 12.)

#### a. Height Street did not plead an inadequate remedy at law

Restitution and injunctive relief, the only potential remedies under the UCL, are equitable in nature and thus only available if a plaintiff lacks an adequate remedy at law. *In re Ambry Genetics Data Breach Litig.*, 2021 WL 4891610, at *8 (C.D. Cal. Oct. 18, 2021). Thus, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Most district

courts applying the rule in *Sonner* required, "at a minimum, a plaintiff *plead* that she lacks an adequate remedy at law." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869 (N.D. Cal. 2021) (emphasis in original); *see also Campbell v. Huffmaster Management, Inc.*, 2022 WL 705825, at *3 (E.D. Cal. Mar. 9, 2022) ("Here, as in *Sonner*, it is proper for the Court to determine whether Plaintiff has sufficiently alleged inadequate remedies at law to survive dismissal of her equity claims under the UCL."); *Boone v. Amazon.com Servs., LLC*, 2022 WL 780215, at *16 (E.D. Cal. Mar. 11, 2022) (noting that plaintiffs failed to allege inadequacy of remedies at law as required by *Sonner*); *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021) (collecting cases); *Shay v. Apple Inc.*, 2021 WL 1733385, at *3 (S.D. Cal. May 3, 2021) (interpreting *Sonner* to require a plaintiff to allege that she lacks an adequate remedy at law).

Height Street relies on *Eastman v. Allstate Ins. Co.*, 2014 WL 5355036, at *5 (S.D. Cal. Oct. 20, 2014) in arguing that assessment of the adequacy of a plaintiff's legal remedies is inappropriate at the pleading stage. (Doc. 11 at 12.) The decision in *Eastman* involved, in part, a determination as to whether dismissal of a complaint was warranted when a plaintiff sought both legal and equitable remedies. *Id.*, 2014 WL 5355036, at *5. The court held that a plaintiff was not prohibited from seeking alternative remedies at the pleading stage. *Id*. (citing Fed. R. Civ. P. 8(a)(3) (requiring that a pleading contain "a demand for the relief sought, which may include relief in the alternative or different types of relief")).

Importantly, the facts and issue in *Eastman* are not analogous here. Unlike *Eastman*, Height Street did not plead alternative remedies, as the company only seeks restitution. Thus, the sole issue is whether Height Street has sufficiently pled its claim, which is not a premature issue. *See In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *2 (N.D. Cal. Oct. 13, 2020) ("The question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all. In other words, the question is whether Plaintiffs have adequately pled their claims for equitable relief, and that question is not premature on a motion to dismiss."); *see also Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) ("The issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy

11

of a legal remedy. On that point, *Sonner* holds that it does not."). Thus, although "Rule 8 permits pleading in the alternative, the Ninth Circuit's recent decision in *Sonner* requires that a complaint seeking equitable relief allege that legal remedies are inadequate." *Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1140 (S.D. Cal. 2021) (internal citation omitted). *Sonner* is applicable regardless of whether "the equitable claim is the only claim being sought" or it is "a claim in the alternative." *Goldstein v. Gen. Motors LLC*, 2022 WL 484995, at *6 (S.D. Cal. Feb. 16, 2022). Therefore, in light of the distinctions in *Eastman*, Height Street's argument is not persuasive.

Because Height Street's complaint contains no demonstration, explanation, or even allegation that legal remedies would be inadequate as to its claim against Young, it cannot survive dismissal. *See Campbell*, 2022 WL 705825, at *3.

> b.      *Height Street's claim to restitution is not barred as a matter of law*

Young argues that Height Street has an adequate remedy at law by way of its claim for compensatory damages, thereby barring Height Street's entitlement to restitution. (Doc. 9-1 at 12, citing *Prudential Home Mortg. Co. v. Superior Ct.*, 66 Cal. App. 4th 1236 (1998).) The court in *Prudential* found that the equitable relief sought—requiring the wrongdoer to record full conveyances and clear the borrowers' title—could be achieved by the statutory "backup" legal remedies of Cal. Civ. Code § 2941. *Id*. Thus, the court held legal remedies were adequate to preclude equitable relief. *Id*.

The matter now pending is factually distinct from *Prudential.* First, the case at hand is still at the pleading stage. Second, Height Street only requests equitable relief from Young, as opposed to both legal and equitable. The compensatory damages Height Street seeks are from Liberty Mutual. Young points to no case in which a court assessed whether the plaintiff had an adequate remedy at law by looking at claims against another defendant.

Even if Height Street requested both legal and equitable remedies in its claim against Young, this does not equate to an adequate legal remedy barring Height Street's claim as a matter of law. In wake of *Sonner*, district courts within the Ninth Circuit consistently held that while an express allegation of inadequacy of legal remedies is required, seeking alternative remedies at the pleading stage is still permitted. *See Klaehn v. Cali Bamboo, LLC*, 2020 WL 3971518, at *9 (S.D. Cal. July 13, 2020) ("the availability of monetary damages does not necessarily preclude the availability of equitable

relief under the UCL"); *see also Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) (noting that plaintiff was correct in asserting that *Sonner* did not preclude plaintiffs from seeking alternative remedies at the pleading stage); *Jeong v. Nexo Fin. LLC*, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) ("The Court finds that in light of *Sonner*'s limited applicability to the pleading stage, there is no binding precedent that holds that pleading equitable restitution in the alternative is improper."); *Johnson-Jack v. Health-Ade LLC*, 2022 WL 562827, at *13 (N.D. Cal. Feb. 24, 2022) (collecting cases). Thus, the Court finds Height Street's request for restitution is not barred as a matter of law. However, to be clear, "whether a UCL claim is pleaded as the sole or an alternative remedy, it must be pleaded adequately." *Sagastume*, 2020 WL 8175597, at *7.

## IV.    Leave to Amend

Height Street requests that if the motion to dismiss is granted, then leave to amend be granted. (Doc. 11 at 12-13.) Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations, internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

The Court has insufficient information to conclude amendment is futile due to the sparsity of allegations in the complaint concerning Young's alleged violation of Cal. Bus. & Prof. Code § 17200. Specifically, amendment would allow Height Street to clarify the basis for its assertion that Young engaged in unlawful, unfair, and/or fraudulent business practices and under which prong it makes such allegations. In addition, amendment would allow Height Street the opportunity to cure its deficiencies, such as those related to economic injury and restitution. Further, it does not appear amendment would cause undue delay at this juncture, and there is no evidence before the Court suggesting Height Street

acted in bad faith. Thus, the request for leave to amend is granted. However, Height Street is cautioned to amend its complaint only if it can, in good faith, allege sufficient facts to cure the noted deficiencies.

**V.      Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1.      Defendant Young and Associate Inc.'s motion to dismiss the Third Cause of Action (Doc. 9) is **GRANTED** as stated against Defendant Young & Associates, Inc. <u>only</u>, with leave to amend.

2.      Plaintiff **SHALL** file any First Amended Complaint within 45 days of the date of service of this order. <u>Failure to comply with this order will result in the dismissal of the action for failure to prosecute.</u>

IT IS SO ORDERED.

Dated:   **May 24, 2022**

UNITED STATES DISTRICT JUDGE