UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIGHT STREET SKILLED CARE, LLC,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; WEST AMERICAN INSURANCE COMPANY, an Indiana corporation; and DOES 1 to 20, inclusive,<br><br>　　　　　　Defendants. | Case No.: 1:21-cv-01247-JLT CDB<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE<br><br>(Doc. 34) |

Height Street Skilled Care, LLC alleges that Defendants breached the parties' contract and engaged in unlawful business practices in violation of Business & Professions Code § 17200, *et seq*. (Doc. 27.) Defendants seek dismissal of Height Street's claims against Liberty Mutual Insurance Company pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and move to strike portions of the FAC under Rule 12(f). (Doc. 34.) Height Street opposes the motion, asserting the FAC is adequately pled. (*See* Doc. 36.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, Defendants' motion to dismiss and motion to strike are **DENIED**.

I.　**Background and Allegations**

Height Street is a nursing home and skilled care operator located in Bakersfield, California. (Doc. 27 at ¶ 12.) Height Street alleges that it purchased a commercial property insurance policy

underwritten by Defendants and covering the period of June 7, 2016, through June 7, 2017. (*Id.* at ¶ 13.) On or about September 17, 2016, one of its buildings suffered severe damage due to a major fire. (*Id.* at ¶ 14.) Height Street asserts it "promptly tendered the claim to Liberty Mutual and coverage was accepted." (*Id.*)

After unreasonable and deliberate delays in inspections, payments, and repairs, Defendants authorized a payment of $12,000, a fraction of the damages claimed. (*See id.* at ¶¶ 20-27.) Accordingly, Height Street filed the instant action against Defendants[1] for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of California Business & Professions Code § 17200, *et seq*. (*Id.* at ¶¶ 46-53.)

Pending before the Court are Defendants' motion to dismiss and motion to strike pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, filed on August 18, 2022. (Doc. 34.) Height Street filed an opposition on September 1, 2022 (Doc. 36), to which Defendants replied on September 12, 2022. (Doc. 38.)

**II.     Legal Standards**

**A.     Motions to Dismiss under Rule 12(b)(6)**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993); *see also Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] Height Street initially asserted a claim against Young and Associates, Inc., which Young moved to dismiss. (*See* Docs. 1, 9.) The Court granted the motion with leave to amend. (Doc. 22.) The parties then stipulated to Height Street filing an amended complaint in order to add West American Insurance Company as a defendant, along with supporting factual allegations pertaining to West American. (*See* Docs. 23, 24.)

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B.     Motions to Strike under Rule 12(f)**

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike are typically viewed with disfavor because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005); *see also Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) ("If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."). Thus, "'courts often require a showing of prejudice by the moving party before granting the requested relief.'" *Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 802 (E.D. Cal. 2017) (quoting *California Dep't of Toxic*

*Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). In reviewing a motion to strike, the court must view the pleadings under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

### III.     Discussion and Analysis

#### A.     Motion to Dismiss

Defendants' first argument in support of dismissal is that all claims against Liberty fail as a matter of law because Liberty is not a party to the contract, as evidenced by the policy language stating that "Coverage is Provided In: West American Insurance Company – a stock company." (*See* Doc. 34-2 at 8-10.) This argument fails at the outset because the Court must confine its examination to the FAC.

Generally, the Court is limited to the contents of the complaint in reviewing a motion to dismiss for failure to state a claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) ("As a general rule, we may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (internal citation and quotation marks omitted). However, the incorporation-by-reference doctrine allows the Court to consider documents not attached to the complaint upon which the complaint "necessarily relies" if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id*. (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

Defendants contend the insurance policy at issue is incorporated by reference because it serves as the basis for Height Street's claims and is referenced throughout the FAC. (Doc. 34-2 at 8.) Though the Court agrees that the first two requirements are satisfied (*see, e.g.*, Doc. 27 at ¶¶ 7, 13, 29-30, 37-41), Height Street clearly challenges the authenticity of the version of the policy attached to Defendants' motion. (*See* Doc. 36 at 9 [asserting the policy proffered by Defendants is "inauthentic as it includes extraneous pages from a different policy bearing a different policy number and different policy period"].) Because a party questions the authenticity of the document, it cannot be incorporated

by reference, and it is not appropriate for the Court's consideration.[2] As explained previously, Defendants rely solely on the language of the policy in maintaining that Liberty is not a party to the contract. (*See* Doc. 34-2 at 8-10.) Thus, because the policy cannot be incorporated by reference as presented, Defendants' argument that Liberty is not a party necessarily fails.

---

[2] Height Street's doubts as to authenticity appear to be immaterial because the pages in dispute—as well as the reasons for the doubts they raise—would have no bearing on the Court's decision. In other words, assuming, *arguendo*, the policy is incorporated by reference, Defendants' argument would nonetheless fail. In opposing Defendants' notion that Liberty is not a party to the contract, Height Street cites *SF Associates v. Liberty Mutual Insurance Company*, 2019 WL 10189959 (C.D. Cal. Oct. 10, 2019), wherein the court rejected the same argument advanced by Defendants' counsel here. The plaintiff in *SF Associates* brought an action against Liberty and Ohio Security Insurance Company for unreasonably delaying payment on its insurance claim after a fire destroyed the warehouse it was leasing. *Id*., at *1. The court found that Liberty had failed to establish it was not a party to the contract, explaining:

> Liberty's logo appears over thirty times throughout the document. And even though the contract provides in several places that "Coverage is Provided in: Ohio Security Insurance Company," that language appears immediately next to a large Liberty logo. Moreover, when Liberty has made the exact same argument it makes here, courts have declined to dismiss it as a defendant.

*Id*., at *2 (citing *OEM Pac., Inc. v. Liberty Mut. Ins. Co.*, 2018 WL 5099481, at *5 (C.D. Cal. Apr. 30, 2018); *Summit Labels, Inc. v. Liberty Mut. Ins. Co.*, 2017 WL 3881768, at *2 (N.D. Okla. Sept. 5, 2017)). As in *SF Associates* and *OEM,* the policy in this case provides that "Coverage Is Provided In: West American Insurance Company" numerous times. (*See* Doc. 34-1.) This language is also, however, located next to the Liberty logo. (*See id*.)

In support of their position, Defendants cite to two district court opinions, neither of which the Court finds instructive. In *Rainbow Sandals, Inc. v. Liberty Mutual Insurance Company*, 2014 WL 12577084 (C.D. Cal. Dec. 4, 2014), although defense counsel raised the same argument as it does here, the plaintiff conceded that Liberty was not an entity named on the policy, instead asserting Liberty could be liable under alternative theories such as joint venture. *Id*. at *3 ("Plaintiff admits that none of the Moving Defendants is listed as an insurer under the Policies."). In granting Liberty's motion to dismiss, the court found that the plaintiff failed to allege sufficient facts to support the alternative theories of liability it relied upon, and the defendants could not be held liable where they were not alleged to be parties to the contract. *Id*. Similarly, the plaintiff in *Lorbeer Enterprises, LP v. Liberty Mutual Insurance Company*, 2019 WL 4284514 (C.D. Cal. May 9, 2019), admitted Liberty was not a party to the contract, instead asserting liability under an alter ego theory. *Id*. at *2.

As with the plaintiff in *SF Associates*, Height Street alleges Liberty is a party to the contract and does not concede this fact. (*See* Doc. 36 at 9 ["The Complaint alleges that the Policy was jointly issued and underwritten by West American and Liberty Mutual and that both entities are parties to and insurers under the Policy." (citing Doc. 27 at 4, ¶ 13)].) The cases cited by Defendants do not speak to the issue at hand—whether Liberty is a party to the insurance contract. Thus, the Court is neither persuaded nor bound by them. *See Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1066 (C.D. Cal. 2014) ("[A] decision of a federal district judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)); *see also City of Fresno v. United States*, 709 F. Supp. 2d 888, 909 (E.D. Cal. 2010) ("District court opinions are relevant for their persuasive authority").

In addition, Height Street alleges (1) it purchased the insurance policy issued and underwritten by all Defendants, including Liberty; (2) it was insured by Liberty and West American under the policy; and (3) Liberty and West American agreed to provide coverage in the event of loss or damage to Height Street's property. (Doc. 27 at ¶¶ 13, 38-39.) At this stage, these allegations are sufficient to maintain a claim for breach of contract against Liberty. *Cf. Brookfield Prop. Grp., LLC v. Liberty Mut. Fire Ins. Co.*, 2023 WL 4339368, at *8 (C.D. Cal. June 27, 2023) (dismissing claim where plaintiff failed to allege Liberty was a party to the contract). Thus, the Court finds Height Street has sufficiently alleged Liberty is a party to the contract, and Defendants have not demonstrated otherwise. *See Anderson v. Cnty. of Fresno*, 2023 WL 2761168, at *13 (E.D. Cal. Apr. 3, 2023) ("In the context of a motion to dismiss, the burden is on the defendant to prove that the plaintiff failed to state a claim.") (quoting *Avalanche Funding, LLC v. Five Dot Cattle Co.*, 2017 WL 6040293, at *3 (E.D. Cal. Dec. 6, 2017)). On this basis, Defendants' motion to dismiss is **DENIED**.[3]

### B. Motion to Strike and Request for Judicial Notice

While maintaining its position that Liberty is a party to the contract, Height Street also alleges that Defendants may be liable under alter ego and/or joint venture liability. (Doc. 27 at ¶¶ 4-8.) Defendants move to strike these allegations as "immaterial and impertinent" because Height Street fails to state a plausible claim under either theory. (*See* Doc. 34-2 at 15-16.) They also request the Court take judicial notice of several documents to refute alter ego liability. (*See* Docs. 34-2, 35.) However, because the Court has found Height Street sufficiently alleges Liberty is a party to the contract, it need not examine the alternative theories or the sufficiency of those allegations. *See FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1073 (C.D. Cal. 2015) ("If a party alleges alternate theories, 'the pleading is sufficient if any one of them is sufficient.'") (quoting Fed. R. Civ. P. 8(d)(2)). Moreover, Defendants do not demonstrate they would be prejudiced if the allegations remain. *Guerrero*, 231 F. Supp. 3d at 802. Thus, it would be improper to strike the allegations at this juncture. For the same reasons, the documents Defendants request the Court take judicial notice of are irrelevant

---

[3] Defendants also assert that Height Street's claims for unfair business practices and breach of the implied duty of good faith and fair dealing fail because Liberty is not a party to the contract. (Doc. 34-2 at 9-10.) For the same reasons provided for denying Defendants' motion to dismiss as to the breach of contract claim, the motion is also **DENIED** as to the remaining claims.

6

to deciding the pending motion. *Zolensky v. Am. Medflight, Inc.*, 2017 WL 1133926, at *3 (E.D. Cal. Mar. 27, 2017) (declining to take judicial notice of documents not relevant to the court's decision). Defendants' motion to strike and request for judicial notice are **DENIED**.

### C. Evidentiary Objections

Apart from its opposition, Height Street submits evidentiary objections to the Declaration of Norman Lau, filed concurrently with Defendants' motion, to which Defendants' proffered version of the policy is attached. (Docs. 34-1, 37.) The objections are based on lack of personal knowledge and lack of authentication pursuant to Federal Rules of Evidence 602 and 901. (*See* Doc. 37 at 2.) In reply, Defendants provide the declaration of Liberty claim professional, Daniel Lerch, to "further authenticate" the policy. (Doc. 38.) However, in addition to the Court's lack of consideration of the document, evidentiary objections are not properly raised at this stage of the litigation. *See Zolensky*, 2017 WL 1133926, at *3 (declining to address evidentiary objections at motion to dismiss stage); *see also Lodi Mem'l Hosp. Ass'n, Inc. v. Am. Pac. Corp.*, 2014 WL 5473540, at *2 (E.D. Cal. Oct. 20, 2014) (explaining that at the motion to dismiss and/or strike stage, evidentiary objections are "premature"). Accordingly, Height Street's evidentiary objections are **OVERRULED**.

## IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motion to dismiss and motion to strike (Doc. 34) are **DENIED**.
2. Defendants' request for judicial notice (Doc. 35) is **DENIED**.
3. Plaintiff's evidentiary objections (Doc. 37) are **OVERRULED**.

IT IS SO ORDERED.

Dated:  **September 6, 2023**                  _____
                                                UNITED STATES DISTRICT JUDGE