1  ERIC P. EARLY (SBN 166275)
eearly@earlysullivan.com
2  PETER SCOTT (SBN 247786)
pscott@earlysullivan.com
3  EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
4  6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
5  Tel: (323) 301-4660
Fax: (323) 301-4676
6

7  LAURENCE M. BERMAN (SBN 93515)
lberman@bermanlitigationgroup.com
8  BERMAN LITIGATION GROUP
815 Moraga Drive
9  Los Angeles, California 90049
Tel: (424) 465-9079
10  Fax: (310) 454-0868

11  Attorneys for Plaintiff
HEIGHT STREET SKILLED CARE, LLC
12

13  NICHOLAS J. BOOS (SBN 233399)
nboos@maynardnexsen.com
14  MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
15  San Francisco, California 94111
Telephone:     (415) 646-4700
16  Facsimile:     (205) 254-1999

17  Attorneys for Defendants
LIBERTY MUTUAL INSURANCE COMPANY and
18  WEST AMERICAN INSURANCE COMPANY

19                    UNITED STATES DISTRICT COURT

20                    EASTERN DISTRICT OF CALIFORNIA

21

22  | HEIGHT STREET SKILLED CARE, LLC, | Case No.  1:21-cv-01247-JLT-CDB |
23  |                                   |                                |
    |            Plaintiffs,            | **STIPULATED PROTECTIVE ORDER** |
24  |                                   |                                |
    | v.                                |                                |
25  |                                   |                                |
    | LIBERTY MUTUAL INSURANCE          |                                |
26  | COMPANY, a Massachusetts Corporation; |                            |
    | WEST AMERICAN INSURANCE           |                                |
27  | COMPANY, an Indiana Corporation; and |                             |
    | DOES 1 to 20, inclusive,          |                                |
28  |                                   |                                |
    |            Defendants.            |                                |

                    STIPULATED PROTECTIVE ORDER

1.   A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action might involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Notwithstanding the terms and conditions of this Stipulated Protective Order, all persons and/or entities hereto (including Parties to the Action as well as any executing Non-Party to the Action) shall fully comply with any other court order or applicable law.

B.   <u>GOOD CAUSE STATEMENT</u>

This action may involve trade secrets and other confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at

1    the end of the litigation, and serve the ends of justice, a protective order for such information is

2    justified in this matter.  It is the intent of the parties that information will not be designated as

3    confidential for tactical reasons and that nothing be so designated without a good faith belief that

4    it has been maintained in a confidential, non-public manner, and there is good cause why it should

5    not be part of the public record of this case.

6    2.      DEFINITIONS

7           2.1      Action:  *Height Street Skilled Care, LLC v. Liberty Mutual Insurance Company*,

8    *et al.*, United States District Court for the Eastern District of California, Case No. 1:21-cv-01247-

9    JLT-CDB.

10          2.2      Challenging Party:   a Party or Non-Party that challenges the designation of

11   information or items under this Order.

12          2.3      "CONFIDENTIAL" Information or Items:  information (regardless of how it is

13   generated, stored or maintained) or tangible things that constitute private business information,

14   as specified above in the Good Cause Statement, and as specified above in the Good Cause

15   Statement.

16          2.4      Counsel: Outside Counsel of Record and House Counsel (as well as their support

17   staff).

18          2.5      Designating Party: a Party or Non-Party that designates information or items that

19   it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL" or

20   "CONFIDENTIAL."

21          2.6      Disclosure or Discovery Material: all items or information, regardless of the

22   medium or manner in which it is generated, stored, or maintained (including, among other things,

23   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

24   responses to discovery in this matter.

25          2.7      Expert: a person with specialized knowledge or experience in a matter pertinent

26   to the litigation who has been retained by a Party or its counsel to serve as an expert witness or

27   as a consultant in this Action.

28

STIPULATED PROTECTIVE ORDER

2.8     "HIGHLY CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

STIPULATED PROTECTIVE ORDER

1    However, the protections conferred by this Stipulation and Order do not cover the following

2    information: (a) any information that is in the public domain at the time of disclosure to a

3    Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

4    a result of publication not involving a violation of this Order, including becoming part of the

5    public record through trial or otherwise; and (b) any information known to the Receiving Party

6    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

7    obtained the information lawfully and under obligation of confidentiality to the Designating

8    Party. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

9    This Order does not govern the use of Protected Material at trial.

10   4.      DURATION

11          Even after final disposition of this litigation, the confidentiality obligations imposed by

12   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

13   order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

14   claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after

15   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

16   Action, including the time limits for filing any motions or applications for extension of time

17   pursuant to applicable law.

18   5.      DESIGNATED PROTECTED MATERIAL

19          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

20   or Non-Party that designates information or items for protection under this Order must take care

21   to limit any such designation to specific material that qualifies under the appropriate standards.

22   The Designating Party must designate for protection only those parts of material, documents,

23   items or oral or written communications that qualify so that other portions of the material,

24   documents, items or communications for which protection is not warranted are not swept

25   unjustifiably within the ambit of this Order.

26          Mass, indiscriminate or routinized designations are prohibited. Designations that are

27   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

28   unnecessarily encumber the case development process or to impose unnecessary expenses and

STIPULATED PROTECTIVE ORDER

1    burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a

2    Designating Party's attention that information or items that it designated for protection do not

3    qualify for protection, that Designating Party must promptly notify all other Parties that it is

4    withdrawing the inapplicable designation.

5    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

6    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

7    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly

8    so designated before the material is disclosed or produced.

9    Designation in conformity with this Order requires:

10    (a)    for information in documentary form (e.g., paper or electronic documents, but

11    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

12    Party affix at a minimum, the legend "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL"

13    (hereinafter "CONFIDENTIALITY legend"), to each page that contains protected material. If

14    only a portion of the material on a page qualifies for protection, the Producing Party also must

15    clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

16    A Party or Non-Party that makes original documents available for inspection need not

17    designate them for protection until after the inspecting Party has indicated which documents it

18    would like copied and produced. During the inspection and before the designation, all of the

19    material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL" or

20    "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

21    produced, the Producing Party must determine which documents, or portions thereof, qualify for

22    protection under this Order. Then, before producing the specified documents, the Producing Party

23    must affix the "CONFIDENTIALITY legend" to each page that contains Protected Material. If

24    only a portion of the material on a page qualifies for protection, the Producing Party also must

25    clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

26    (b)    for testimony given in depositions that the Designating Party identifies the

27    Disclosure or Discovery Material on the record, before the close of the deposition all protected

28    testimony.

STIPULATED PROTECTIVE ORDER

1    (c)    for information produced in some form other than documentary and for any other

2  tangible items, that the Producing Party affix in a prominent place on the exterior of the container

3  or containers in which the information is stored the legend "HIGHLY CONFIDENTIAL" or

4  "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the

5  Producing Party, to the extent practicable, shall identify the protected portion(s).

6    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

7  designate qualified information or items does not, standing alone, waive the Designating Party's

8  right to secure protection under this Order for such material. Upon timely correction of a

9  designation, the Receiving Party must make reasonable efforts to assure that the material is

10  treated in accordance with the provisions of this Order.

11  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

12    6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

13  confidentiality at any time that is consistent with the Court's Scheduling Order.

14    6.2    Meet and Confer. The Challenging Party shall initiate the  dispute resolution

15  process under Local Rule 251(b).

16    6.3    The burden of persuasion in any such challenge proceeding shall be on the

17  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass

18  or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

19  to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality

20  designation, all parties shall continue to afford the material in question the level of protection to

21  which it is entitled under the Producing Party's designation until the Court rules on the challenge.

22  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

23    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed

24  or produced by another Party or by a Non-Party in connection with this Action only for

25  prosecuting, defending or attempting to settle this Action. Such Protected Material may be

26  disclosed only to the categories of persons and under the conditions described in this Order.

27  When the Action has been terminated, a Receiving Party must comply with the provisions of

28  section 13 below (FINAL DISPOSITION).

STIPULATED PROTECTIVE ORDER

1    Protected Material must be stored and maintained by a Receiving Party at a location and

2  in a secure manner that ensures that access is limited to the persons authorized under this Order.

3    7.2    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless

4  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

5  Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

6    (a)    the Receiving Party's Outside Counsel of Record in this Action, as well

7  as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

8  the information for this Action;

9    (b)    the officers, directors, and employees (including House Counsel) of the

10  Receiving Party to whom disclosure is reasonably necessary for this Action;

11    (c)    Experts (as defined in this Order) of the Receiving Party to whom

12  disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment

13  and Agreement to Be Bound" (Ex. A);

14    (d)    the Court and its personnel;

15    (e)    court reporters and their staff;

16    (f)    professional jury or trial consultants, mock jurors, and Professional

17  Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Ex. A);

19    (g)    the author or recipient of a document containing the information or a

20  custodian or other person who otherwise possessed or knew the information;

21    (h)    during their depositions, witnesses, and attorneys for witnesses, in the

22  Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that

23  the witness sign the form attached as Ex. A hereto; and (2) they will not be permitted to keep any

24  confidential information unless they sign the "Acknowledgment and Agreement to Be Bound"

25  (Ex. A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

26  transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be

27  separately bound by the court reporter and may not be disclosed to anyone except as permitted

28  under this Stipulated Protective Order;

STIPULATED PROTECTIVE ORDER

1            (i)    any mediator or settlement officer who may be utilized in connection with

2    this Action, and their supporting personnel, mutually agreed upon by any of the parties engaged

3    in settlement discussions;

4            (j)    any other person that the Designating Party agrees to in writing; and

5            (k)    any person designated by the Court in the interest of justice, upon such

6    terms as the Court may deem proper.

7    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

8          <u>LITIGATION</u>

9        If a Party is served with a subpoena or a court order issued in other litigation that compels

10   disclosure of any information or items designated in this Action as "HIGHLY

11   CONFIDENTIAL" or "CONFIDENTIAL," that Party must:

12       (a)    promptly notify in writing the Designating Party. Such notification shall include

13   a copy of the subpoena or court order;

14       (b)    promptly notify in writing the party who caused the subpoena or order to issue in

15   the other litigation that some or all of the material covered by the subpoena or order is subject to

16   this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

17   and

18       (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

19   Designating Party whose Protected Material may be affected.

20       If the Designating Party timely seeks a protective order, the Party served with the

21   subpoena or court order shall not produce any information designated in this action as "HIGHLY

22   CONFIDENTIAL" or "CONFIDENTIAL" before a determination by the court from which the

23   subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

24   Designating Party shall bear the burden and expense of seeking protection in that court of its

25   confidential material and nothing in these provisions should be construed as authorizing or

26   encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

27

28

STIPULATED PROTECTIVE ORDER

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective

1    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

2    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

3    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

4    made of all the terms of this Order, and (d) request such person or persons to execute the

5    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

6    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

7           MATERIAL

8           When a Producing Party gives notice to Receiving Parties that certain inadvertently

9    produced material is subject to a claim of privilege or other protection, the obligations of the

10   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

11   provision is not intended to modify whatever procedure may be established in an e-discovery

12   order that provides for production without prior privilege review. Pursuant to Federal Rule of

13   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of

14   a communication or information covered by the attorney-client privilege or work product

15   protection, the parties may incorporate their agreement in the stipulated protective order

16   submitted to the court.

17   12.    MISCELLANEOUS

18          12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to

19   seek its modification by the Court in the future.

20          12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective

21   Order, no Party waives any right it otherwise would have to object to disclosing or producing

22   any information or item on any ground not addressed in this Stipulated Protective Order.

23   Similarly, no Party waives any right to object on any ground to use in evidence of any of the

24   material covered by this Protective Order.

25          12.3   Filing Protected Material. Without written permission from the Designating Party

26   or a court order secured after appropriate notice to all interested persons, a Party may not file in

27   the public record in this action any Protected Material without complying with Local Rule 141.

28   A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.

1   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing

2   of the specific Protected Material at issue. If a Party's request to file Protected Material under

3   seal is denied by the Court, then the Receiving Party may file the information in the public record

4   unless otherwise instructed by the Court.

5          12.4    Use of Protected Material at Trial: The Parties shall meet and confer regarding the

6   procedures for use of Protected Materials at trial and shall move the Court for entry of an

7   appropriate order. The use of designated materials at trial shall be governed by the orders of the

8   trial judge.

9          12.5    Counsel Bound by Protective Order: Counsel agree to be bound by the terms set

10  forth herein with regard to any Protective Materials that have been produced before the Court

11  signs this Stipulation and Protective Order.

12         12.6    New Parties: Any new party to the Action who has not executed this Stipulation

13  and Protective Order as of the time it is presented to the Court for signature may thereafter

14  become a Party to this Stipulation and Protective Order by its Counsel's signing and dating a

15  copy of Ex. A attached hereto, and filing the same with the Court, and serving copies of such

16  signed and dated copy upon the other Parties to this Stipulation and Protective Order.

17  13.    FINAL DISPOSITION

18         After the final disposition of this Action, as defined in paragraph 4, within 60 days of a

19  written request by the Designating Party, each Receiving Party must return all Protected Material

20  to the Producing Party or destroy such material. As used in this subdivision, "all Protected

21  Material" includes all copies, abstracts, compilations, summaries, and any other format

22  reproducing or capturing any of the Protected Material. Whether the Protected Material is

23  returned or destroyed, the Receiving Party must submit a written certification to the Producing

24  Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

25  (1) identifies (by category, where appropriate) all the Protected Material that was returned or

26  destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

27  compilations, summaries or any other format reproducing or capturing any of the Protected

28  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

STIPULATED PROTECTIVE ORDER

1    pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

2    correspondence, deposition and trial exhibits, expert reports, attorney work product, and

3    consultant and expert work product, even if such materials contain Protected Material. Any such

4    archival copies that contain or constitute Protected Material remain subject to this Protective

5    Order as set forth in Section 4 (DURATION).

6    14.    <u>VIOLATION</u>

7          Any violation of this Order may be punished by appropriate measures including, without

8    limitation, contempt proceedings and/or monetary sanctions.

9    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10          SIGNATURE PAGE FOLLOWS.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

Dated: November 22, 2024                         EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

2

3

4                                                By:    /s/ Peter Scott
                                                        Eric P. Early
                                                        Peter Scott
5                                                       Attorneys for Plaintiffs
                                                        HEIGHT STREET SKILLED CARE, LLC
6

7                                                        777n

8

Dated:  November 22, 2024                        MAYNARD NEXSEN LLP
9

10

11                                               By:    /s/ Nicholas J. Boos
                                                        Nicholas J. Boos
12                                                      Attorneys for Defendant
                                                        LIBERTY MUTUAL INSURANCE
                                                        COMPANY and
13                                                      WEST AMERICAN INSURANCE
                                                        COMPANY
14

15

IT IS SO ORDERED.

16

Dated:    **November 25, 2024**
17
                                                 UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4  I, _____ [print or type full name], of

5  _____ [print or type full address], declare under penalty of perjury

6  that I have read in its entirety and understand the Stipulated Protective Order that was issued by the

7  United States District Court for the Eastern District of California on November 25, 2024, in the

8  case of *Height Street Skilled Care, LLC v. Liberty Mutual Insurance Company*, *et al.*, Case No.

9  1:21-cv-01247-JLT-CDB. I agree to comply with and to be bound by all the terms of this Stipulated

10  Protective Order and I understand and acknowledge that failure to so comply could expose me to

11  sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

12  any manner any information or item that is subject to this Stipulated Protective Order to any person

13  or entity except in strict compliance with the provisions of this Order.

14  I further agree to submit to the jurisdiction of the United States District Court for the Eastern

15  District of California for enforcing the terms of this Stipulated Protective Order, even if such

16  enforcement proceedings occur after termination of this action.

17  I hereby appoint _____ [print or type full name] of

18  _____ [print or type full address and

19  telephone number] as my California agent for service of process in connection with this action

20  or any proceedings related to enforcement of this Stipulated Protective Order.

21  Date: _____

22  City and State where sworn and signed:_____

23

24  Printed name: _____

25

26  Signature:_____

27  5794351.1

28

## STIPULATED PROTECTIVE ORDER